[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ISSUES
The Court has before it three post-judgment motions, to wit: the Defendant's Motion for Modification of Child Support (#135) dated November 23, 1999, and the Plaintiff's Motion for Contempt (#139) and Motion for Modification of Child Support (#140), both dated January 12, 2000. A fourth motion, Defendant's Motion for Contempt (#137) dated December 14, 1999, regarding visitation has been referred to Family Relations by agreement and is not before the Court at this time.
The marriage of the parties was dissolved by this Court on July 20, 1990. In addition to alimony and child support and other financial orders, both parties agreed to be equally responsible for the cost of college education for the children, as well as one-half of the un-reimbursed medical expenses. Both parties appear to be in good health, and no evidence was presented to the Court on this issue. There are three minor children, ages 11, 14, and 17, although the oldest will reach her majority on July 6, 2000. All reside with the Plaintiff, who has remarried. Since the date of the original decree, the parties have been before this Court on numerous occasions for motions for contempt and modification. The current order of child support of $166.66 per week per child (total of $350.00 per week) was entered by this Court on October 3, 1995. A subsequent Motion to Modify Child Support was denied by this Court, after hearing, on March 17, 1997. At the time of the last hearing, CT Page 5455 the Court found the arrearage in child support to be $8850.00 and the arrearage in un-reimbursed medicals to be $1750.00, both of which the Defendant was ordered to pay within six (6) months. Since that date, the Defendant has made some payments toward these sums, however, the Plaintiff offered testimony, which was not rebutted by the Defendant, that the current arrearage in child support is $6,292.50 (which takes into account a $600.00 check delivered April 29) and an arrears in the Defendant's share of un-reimbursed medicals in the amount of $635.00. Furthermore, the Defendant was ordered to continue to reimburse the Plaintiff for the health insurance premiums for the children in the amount of $130.00 per month. In addition, the Defendant has been ordered to make his weekly payments by mail, and furthermore, he was specifically advised by this Court on October 3, 1995, that continued failure to abide by this condition would result in the imposition of monetary sanctions. The Defendant testified that he continues to disregard this order.
Since the date of the last order, the Defendant ceased active operations as a dairy farmer after a fire at the farm, and that he has sold his entire herd, the last three cows being sold on or about June 1999. He testified that he does have one horse remaining, the other having been sold recently for the sum of $800.00. He testified that he received about $13,000.00 total for the entire herd. Since then, has worked at a series of odd jobs, most of which are related to outdoors and farming, such as tree trimming. He also testified that he works between forty and fifty hours per week at a rate of about $8.00 per hour. He also received compensation from the Robert H. Treat Residuary Trust in the amount of $9,300.00. There was additional testimony that the Defendant holds a bachelor's degree from the University of New Haven. The Plaintiff testified that she no longer works outside the home, but that she does do clerical/secretarial work, at home, for her current husband's business, for which she receives no compensation. However, she estimated that she works a total of about twenty hours per week and that the value of these services is $12.00 per hour.
The issues to be decided are:
 1) Has there been a substantial change of circumstances since the date of the last order, and/or a substantial deviation from the Child Support Guidelines which would warrant a modification of child support by way of either an increase or a decrease in the payments?
 2) Is the Defendant presently in violation of the existing CT Page 5456 Court orders in one or more respects, and, if so, do his actions constitute contempt?
 3) Is there an arrearage in the child support and/or medical reimbursement?
 FINDINGS
The court having heard the testimony of both parties and reviewed the financial affidavits and other exhibits, and having considered the factors enumerated in §§ 46b-84, 46b-86 (a), and 46b-215a, et seq. C.G.S., including the Child Support and Arrearage Guidelines Regulations, finds as follow:
 1. That there has been a substantial change of circumstances since the date of the last order, and that, in addition, the Court finds that the current order substantially deviates from the Child Support Guidelines.
 2. That the plaintiff has an earning capacity of at least $240.00 gross (20 hrs. x $12.00) and approximately $186.00 per week net.
 3. Based upon the evidence presented to the Court, including the testimony of the Defendant, that the Defendant presently earns $360.00 per week (45 hrs. x $8.00) and approximately $307.00 per week net. However, the Court is of the opinion that, while the Defendant works hard at what he does, he has substantially greater earning capacity, and that he has failed to adequately pursue more financially rewarding endeavors, but rather has contented himself with the more modest-paying odd jobs in the area of farming and tree cutting. Furthermore, given current arrearage, and both his present and future financial responsibilities toward his children, including their college educations, it is in the best interest of the children that a more vigorous, good faith effort be made to find higher paying employment. The Court takes judicial notice of the still-healthy economy and the low rate of unemployment.
 4. That, based upon the financial affidavits of the respective parties and the Plaintiff's earning capacity, the presumptive level of total current child support, including the contribution toward health insurance for the minor children, would be $279.00 per week, and that the CT Page 5457 defendant's proportionate share of the child support obligation is $144.00 per week ($114 child support and $30 health insurance)
 5. That the defendant's failure to mail the weekly support check to the plaintiff is wilful and without sufficient excuse, and therefore constitutes contempt.
6. That there is an arrearage in child support of $6292.50.
 7. That there is an arrearage in the amount of the defendant's contribution toward the un-reimbursed medical expenses of the children in the amount of $635.00.
 8. That the parties agreed that all orders would be retroactive to January 10, 2000.
 9. That the Defendant is without adequate financial resources to pay the legal fees of the Plaintiff, and that to order same, at this time, would further reduce his ability to comply with the orders of this Court.
 ORDER
IT IS HEREBY ORDERED THAT: 1. The defendant's Motion to Modify Child Support is hereby granted. Plaintiff's Motion to Modify Child Support is hereby denied. The Defendant's current child support obligation shall be partially suspended until further order of this Court pending hearing. Hereafter, the defendant shall pay to the plaintiff the sum of $40.00 per week per child as and for child support for a total of $120.00 per week, which sum shall be in addition to his payment of $130.00 per month to the plaintiff as and for the health insurance premiums for the minor children. The payment shall be retroactive to January 10, 2000. The accumulated difference between the old order and the present order shall be deducted from the current arrearage in child support as a credit and not from future payments.
 2. In addition, the defendant shall pay to the plaintiff the sum of $25.00 per week toward the total current arrearage of child support and un-reimbursed medical expenses, until the same is paid in full or within six (6) months from the date of this Order, whichever shall sooner occur. CT Page 5458
 3. The plaintiff's Motion for Contempt is granted in part and denied in part. Therefore, the defendant shall pay to the plaintiff the sum of $250.00 within three (3) months from the date of this Order, due to his wilful failure to comply with the orders of this court regarding the method of payment of child support, and in order to ensure his compliance, for every future violation of this provision, the defendant shall pay to the plaintiff an additional $10.00 per week, all to be paid within said three (3) month period.
 4. Each party shall be responsible for the payment of their own counsel fees and costs.
 5. The matter is hereby continued for a period of three (3) months to August 15, 2000, in order to monitor the defendant's compliance with this Order and to monitor the defendant's efforts to obtain gainful employment commensurate with his education and earning capacity, at which time he is ordered to produce for the Court at the time of hearing, as well as counsel for the plaintiff at least two (2) weeks prior to the Court hearing, inter alia, suitable proof of his efforts to obtain such employment, together with a full disclosure of all income from any source, including gifts, as well as proof of all purchases and/or sales or other disposition of assets, including animals, for the twelve month period preceding such hearing. Further, he is to provide evidence of the cash value of any life insurance on his life, in particular the Farm Family Life Policy, as well as evidence of any state and/or federal income tax refunds received or expected for tax year 1999. In addition, the defendant is to make full disclosure of his interest, if any, as beneficiary, including that of residuary or contingent beneficiary, of the Robert H. Treat Residuary Trust and any other such entities, and to provide the Court and counsel for the plaintiff with a copy of the trust instrument(s) as above ordered. It is the intention of the Court to examine the defendant's earning capacity and enter appropriate financial orders. Further, any other request for production by either party shall be complied with at least two (2) weeks prior to the date of hearing. The parties are further ordered to meet with Family Relations at least one week prior to August 15, 2000.
CT Page 5459
The Court By ___________________ Shay, J.